UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMELA M. COLE, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., *et al.*, <br><br> Defendants. | Case No.  C13-959RSL <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on "Defendants Chase and Freddie Mac's Motion for Summary Judgment," dkt. # 9.  JPMorgan Chase Bank, N.A. ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants") seek dismissal of Plaintiff's claims arising out of the initiation of foreclosure proceedings on her home.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court GRANTS Defendants' motion.

## II.  FACTUAL BACKGROUND

In February 2008, Plaintiff executed a promissory note ("Note") for $268,000, payable to Washington Mutual Bank, FA ("WaMu"), the lender.  Dkt. # 10-1 at 2-4.  The Note was secured by a Deed of Trust on real property located at 717 Colby Avenue, Everett, Washington.  Dkt. # 10-2 at 2-18.  The Deed of Trust identifies WaMu as the

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

"lender" and "beneficiary," and Chicago Title Insurance Co. ("Chicago Title") as "trustee." Dkt. # 10-2 at 2-3. In September 2008, WaMu was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC"), and Chase acquired certain WaMu assets from the FDIC, including Plaintiff's loan.[1] See Dkt. # 9-1. At some time in 2012, Plaintiff stopped making payments on the loan. See Dkt. # 1-1 at 18. Plaintiff received a Notice of Default in 2012. See Dkt. # 1-1 at 6, 24-31.

In May 2013, Plaintiff filed a complaint in Snohomish County Superior Court against Chase, Freddie Mac, Nationwide Title Clearing, TBG Capital Group, Chicago Title, WaMu and John Does 1-50. Dkt. # 1-1. Defendants removed the action to this Court on June 3, 2013, pursuant to 28 U.S.C. § 1442(a) because Freddie Mac is a United States agency and this Court has original jurisdiction of all civil actions in which Freddie Mac is a party. 12 U.S.C. § 1452(f). Plaintiff alleges that Defendants violated the Washington Unfair Business Practices/Consumer Protection Act ("CPA") and committed fraud by representing that they have a right to collect payments on Plaintiff's loan and foreclose on Plaintiff's property in the case of default. Dkt. # 1-1 at 13-14, 17-19. In addition, Plaintiff asserts causes of action for slander of title and quiet title. Id. at 16. She seeks injunctive and declaratory relief, as well as damages and attorney's fees and costs. Id. at 14-15, 19-21. Plaintiff's claims are premised on the allegations that Defendants lack possession of the Note and Deed of Trust and there is no clear chain of title. Id. at 8-9. Defendants have submitted evidence that Chase has actual possession of the original Note and Deed of Trust and therefore, Chase argues it has the right to

---

[1] The Court GRANTS Defendants' request to take judicial notice of the Purchase and Assumption Agreement ("P & A Agreement") attached as Exhibit A to Defendants' motion for summary judgment (Dkt. # 9-1). This Court has taken judicial notice of the P & A Agreement in the past, Rockwell v. Chase Bank, C10-1602RSL (W.D. Wash. June 7, 2011), and sees no reason to deviate from its earlier decision because the P & A Agreement is a public record and not subject to reasonable dispute. Fed. R. Ev. 201.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

foreclose on Plaintiff's property because she has defaulted on the loan.  Dkt. # 10 at 2; Dkt. # 10-1; Dkt. # 10-2.

### III.  DISCUSSION

**A.    Summary Judgment Standard**

The moving party is entitled to summary judgment under Fed. R. Civ. P. 56 ("Rule 56") "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party bears the burden of persuasion at trial, it must show that "the evidence is so powerful that no reasonable jury would be free to disbelieve it."  Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (internal quotation marks and citation omitted).

Where a nonmoving party will bear the ultimate burden of proof at trial, the moving party on motion for summary judgment bears both the initial burden of production and the ultimate burden of persuasion.  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  To meet the burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.  Once the moving party meets its initial burden of persuasion, the nonmoving party must produce evidence to support its claim.  Id. at 1103.  If the nonmoving party fails to establish a genuine issue of material fact, the moving party is entitled to summary judgment.  Id.  All reasonable inferences supported by the evidence

are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

**B.     Plaintiff's Request for Continuance**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).[2]  To obtain relief under Rule 56(d) a party "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Plaintiff contends that "discovery must be taken to find what the history of the [N]ote and [Deed of Trust] might be."  Dkt. # 13 at 3-4.  Plaintiff has not submitted the requisite affidavit, but even if the Court were to rely on the statements in her memorandum, those statements do not identify specific facts that she hopes to elicit or suggest any certainty that the evidence sought exists.  Furthermore, the discovery deadline has passed.  Dkt. # 7.  Plaintiff has had ample time to conduct the general discovery she describes and has not established good cause warranting a continuance of the deadline.  Plaintiff's request for a continuance is therefore DENIED.  Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990) (a district court may deny a motion under Rule 56(d) if the party requesting a continuance has not been diligent in pursuing discovery in the past).

---

[2]  In her opposition, Plaintiff requests a continuance under Fed. R. Civ. P. 56(f). Pursuant to the amendments to Rule 56 that became effective December 1, 2010, the relevant provision now appears at paragraph 56(d).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

**C.      Defendants' Motion to Strike**

In support of her opposition to Defendants' summary judgment motion, Plaintiff relies exclusively on the supporting declaration and report of her expert witness, Lori Gileno.  Dkt. # 13 at 2.  Defendants contend that Ms. Gileno's declaration and the attached Securitization Report are inadmissible because Ms. Gileno does not qualify as an expert and her opinions are not based on reliable methods or sufficient facts or data. Dkt. # 15 at 5-10.  The Court agrees.

Pursuant to Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Ev. 702.  In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury.  The gate-keeping function applies to all expert testimony, not just testimony based on science.  <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).  "[T]he word knowledge connotes more than subjective belief or unsupported speculation."  <u>Samuels v. Holland Am. Line-USA Inc.</u>, 656 F.3d 948, 952 (9th Cir. 2011) (internal quotation marks omitted).  To be admissible, expert testimony must be both reliable and helpful.  The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions.  <u>Daubert</u>, 509 U.S. at 594-95.  In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation.  <u>Id.</u> at 590.  Plaintiff, as the party offering Ms. Gileno's expert

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

testimony, has the burden of establishing its admissibility. <u>Bldg Indus. Ass'n of Wash. v. Wash. State Bldg. Code Council</u>, 683 F.3d 1144, 1154 (9th Cir. 2012).

Having reviewed Ms. Gileno's declaration, resume, and opinions, the Court finds that she is not qualified as an expert in the relevant discipline. Ms. Gileno describes herself as "a professional loan auditor with proper training and experience to provide the[] facts and opinions to this Court." Dkt. # 11 ¶ 2. She explains that she has "instructed FBI agents in issues of white-collar crime, . . . provided multiple loan audit reports for litigation cases and [has] instructed others how to conduct professional loan audit procedures." <u>Id.</u> Her resume indicates that she has an associate of science degree in network infrastructure and internet security and is certified in computer forensics, securitization audits, and mediation and arbitration. Dkt. # 11-1. Additionally, she is a member of the Northwest Chapter of the Association of Certified Fraud Examiners. <u>Id.</u> These qualifications, however, do not demonstrate any specialized knowledge, training, or experience with respect to the procedures for nonjudicial foreclosures under Washington's Deed of Trust Act ("DTA"). Nonetheless, Ms. Gileno concludes that "the foreclosure appears not to comply with regulations as per WA Civil Code guidelines necessary for a valid foreclosure." Dkt. # 11-2 at 25. Although Ms. Gileno's resume suggests that she has received training regarding fraud generally, Plaintiff has not satisfied her burden of demonstrating that Ms. Gileno is qualified to give an opinion as to whether the foreclosure on Plaintiff's property complied with Washington law.

In addition, the Court finds that Ms. Gileno's report is not based on sufficient facts or data and not the product of reliable methods. Even though Ms. Gileno's declaration states that she "completed a rigorous examination of all available documentation concerning the plaintiffs' (sic) loan history in this action," she does not identify any specific documents that she reviewed. Dkt. # 11 ¶ 2. Her report consists of a summary of Plaintiff's loan history and the relevant parties, unidentified and

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 6

unauthenticated documents related to WaMu's filings with the Securities and Exchange Commission, what appear to be screen shots of various websites, and unauthenticated copies of documents related to Plaintiff's loan, each containing notes and questions. Dkt. # 11-2.  Ms. Gileno's report concludes with a summary of "[p]roblems with the foreclosure," that includes speculation and conclusions regarding the authenticity of various documents and the chain of title.  Id. at 24-25.  The theory or technique she used to reach her conclusions is unclear, and there is nothing that demonstrates it has been or can be tested, or that it is generally accepted in the relevant discipline.  See Kumho Tire Co., Ltd., 526 U.S. at 141 (finding that Daubert factors of reliability apply to testimony based on technical or other specialized knowledge).  Rather, her opinions appear to be based on speculation and internet searches and they raise more questions than answers. Dkt. # 11-2 at 24 ("Assignment of Deed of Trust appears to be signed by fictitious people; request notary book!").  Such unsupported opinions do not meet the standard for reliability under Fed. R. Ev. 702 and are not helpful.  The Court therefore STRIKES Ms. Gileno's declaration and expert report.

**D.      Analysis**

Plaintiff's claims are premised on her allegation that Defendants lack legal authority to collect money owing on the underlying debt and cannot foreclose on her property because they do not have possession of the Note and they are not beneficiaries under the Deed of Trust.  Dkt. # 1-1 at 13-19.[3]

---

[3] See also Dkt. # 1-1 at 6 ("The defendants have claimed that they have the legitimate right to collect funds from the plaintiff, yet no actual competent proof of such collection right has been provided [to] the plaintiff . . . [t]he defendants have neither Constitutional nor Prudential standing in this action to proceed with a collection action against the plaintiff, or to assert a secured claim against the plaintiff."), 9 ("It is a condition precedent to nonjudicial foreclosure that the defendants, or any of them, present to the plaintiff competent evidence that the claim of money owed is legitimate.  No such evidence has been presented"), 12 ("There is no direct link between the originator, the unknown lender who actually funded a loan to the plaintiff, and the party allegedly initiating the foreclosure, JPMorgan Chase Bank, N.A."), 13 ("Because of the lack of necessary recorded documents the defendants do not have the proper

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 7

### 1. Washington Consumer Protection Act, RCW 19.86 *et seq*.

The CPA prohibits "[u]fair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail on a CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986). An unfair or deceptive act for the purposes of the CPA is "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787 (2013).

Plaintiff claims that Defendants' initiation of foreclosure proceedings without possession of the Note or a beneficial interest in the Note is a violation of the DTA and therefore, a deceptive act under the CPA. See Dkt. # 1-1 at 13-14; Dkt. # 13 at 14-15. Chase has presented evidence that it has actual physical possession of the Note and Deed of Trust as a result of the P &A Agreement it entered into with the FDIC in 2008. Dkt. # 10 at 2; Dkt. # 10-1. Thus, Chase is a beneficiary and has the statutory authority to initiate nonjudicial foreclosure proceedings under the DTA. RCW 61.24.005(2); Bain v. Metro. Mort. Group, Inc., 175 Wn.2d 83, 89 (2012) (only the actual holder of the note evidencing the obligation is a beneficiary entitled to appoint a trustee to proceed with a nonjudicial foreclosure on real property); see also Thepvongsa v. Reg'l Tr. Servs. Corp., No. C10-1045RSL, 2013 WL 5366065, at *7 (W.D. Wash. Sept. 25, 2013); Gogert v. Reg'l Tr. Servs., Inc., No. C11-1578JLR, 2012 WL 1576140, at *3 (W.D. Wash. May 4,

---

beneficial jurisdiction or interest to initiate a proper foreclosure action and cannot legally commence a trustee's sale of the plaintiff's real property.").

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 8

2012) (holder of original promissory note and deed of trust is beneficiary under Washington law with right to initiate foreclosure proceedings).

Plaintiff does not dispute that Chase has possession of the Note and Deed of Trust. Rather, Plaintiff contends that the Note is not properly indorsed. This argument lacks merit. The original Note was indorsed in blank by WaMu, dkt. # 10-1 at 4, making it payable to "bearer," anyone with physical possession of the Note rather than a specific payee, RCW 62A.3-205(b).[4] Thus, by having possession of the Note and Deed of Trust, Chase has a right to demand payment on the Note and to institute foreclosure proceedings in the case of default on the Note. RCW 61.24.005(2) (defining beneficiary as the "holder of the instrument or document evidencing the obligations secured by the deed of trust"); RCW 62A.3-301 ("holder of instrument" is entitled to enforce the instrument); Corales v. Flagstar Bank, FSB, 822 F.Supp.2d 1102, 1107 (W.D. Wash. 2011) (defendant in possession of original promissory note indorsed in blank is holder of note with right to enforce it and deed of trust). Because Plaintiff has not identified any other allegedly unfair or deceptive acts, her CPA claim cannot survive summary judgment.

Furthermore, Plaintiff has not submitted any evidence of injury. There is nothing in the record that suggests that Defendants have foreclosed on Plaintiff's property or that Plaintiff has suffered any other damages as a result of Plaintiff's conduct.

### 2.     Injunctive Relief

Based on the evidence that Chase has actual possession of the original Note and Deed of Trust, there does not appear to be any bar to Chase conducting a nonjudicial foreclosure on Plaintiff's property in the future. It is undisputed that Plaintiff borrowed

---

[4] "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." RCW 62A.3-205(b).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 9

money to purchase her home and that she has defaulted on the loan.  She has not identified any legal or equitable reason to erase this debt.  Because nonjudicial foreclosure pursuant to the DTA remains a possibility, Plaintiff's request for a permanent injunction prohibiting Defendants from proceeding with a nonjudicial foreclosure is DENIED**.**

### 3.     Declaratory Relief

Plaintiff seeks a declaration that Defendants lack standing to conduct a nonjuducial foreclosure on Plaintiff's property.  Dkt. # 1-1 at 15.  Because Chase has statutory authority to conduct a nonjudicial foreclosure under the DTA as the holder of the Note and Deed of Trust, Plaintiff's request for declaratory judgment is DENIED.

### 4.     Slander of Title

A slander of title claim requires proof of "1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss."  Rorvig v. Douglas, 123 Wn.2d 845, 859-60 (1994).  Plaintiff's slander of title claim is premised on her allegation that Defendants "promoted an illegal, void, instrument titled 'deed of trust' . . . and said instrument has been filed in the official records of the Snohomish County Auditor's office."  Dkt. # 1-1 at 16.  Although there is evidence that the Deed of Trust identified by Plaintiff was recorded in Snohomish County, dkt. # 10-2 at 2, Plaintiff's claim falls short because she has not shown that the Deed of Trust contains false statements or that Defendants acted with malice.  Therefore, Defendants' motion for summary judgment is GRANTED with respect to Plaintiff's slander of title claim.

### 5.     Quiet Title

Plaintiff asserts a claim for quiet title.  Dkt. # 1-1 at 16.  Under Washington law, "[t]he plaintiff in [a quiet title] action shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 10

equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.28.120. "A plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." Walker v. Quality Loan Serv. Corp., 176 Wn.App. 294, 322 (2013) (internal quotation marks and citation omitted). Thus, to maintain a quiet title cause of action against a mortgagee, a plaintiff must first pay the outstanding debt on which the mortgage is based. Evans v. BAC Home Loans Servicing LP, No. C10-0656RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010). Plaintiff has not provided evidence that she has satisfied the outstanding debt and therefore, Defendants are entitled to summary judgment on this claim.

**6.   Fraud**

Plaintiff's fraud claim is premised on her allegation that Defendants misrepresented their authority to collect money owing on the debt and foreclose on her property. Dkt. # 1-1 at 17-19. Chase's possession of the Note and Deed of Trust imparts the authority to enforce the terms of the Deed of Trust. Therefore, any statements regarding this right were not false. Plaintiff has not identified any other allegedly false representations and therefore, her claim fails as a matter of law. See Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 166 (2012) (listing elements of fraud claim).

**7.   Other Claims**

In response to Defendants' motion, Plaintiff argues that the DTA violates the Washington State Constitution. Dkt. # 13 at 13-14. However, this claim was not asserted in Plaintiff's complaint and cannot be added to this litigation in response to a summary judgment motion after the deadline for amending pleadings has passed. Dkt. # 7. The Court therefore, declines to consider this claim.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 11

**E.     Lis Pendens**

On May 3, 2013, Plaintiff recorded a lis pendens with the Snohomish County recorder's office.  Dkt. # 1-1 at 49-50.  Under Washington law, a lis pendens provides constructive notice of a pending suit to any purchaser or encumbrancer of the property.  RCW 4.28.320.  Plaintiff has not responded to Defendants' arguments supporting their request that the Court cancel the lis pendens.  The Court finds that there was no basis for filing this notice, especially in light of the findings above.  Therefore, the Court cancels the lis pendens filed by Plaintiff with respect to the property identified in the Deed of Trust.  RCW 4.28.325.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants' motion for summary judgment of (Dkt. # 9) is GRANTED and the lis pendens filed by Plaintiff is hereby canceled.

DATED this 31st day of March, 2014.


*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 12